UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'min Ward

_____

_____

(In the space above enter the full name(s) of the plaintiff(s).)

17 CV 9717

2017 DEC 11  PM 3:35

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ___  No ✓
(check one)

v.

Defendant No. 1    Orange county

Defendant No. 2    Craig Brown J.CC

Defendant No. 3    _____

Defendant No. 4    _____

Defendant No. 5    _____

(In the space above enter the full name(s) of the defendant(s).  If
you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and attach
an additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  No addresses should be included here.)

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff    Name   J'min A Ward
             ID #   2017 - 01851
             Current Institution   Orange county Jail
             Address   110 Wells farm Rd
                       Goshen, NY 10924

B.    List all defendants' names, positions, places of employment, and the address where each
defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _Craig Brown_____ Shield #_____
                    Where Currently Employed _Orange county court_____
                    Address  285 Main St_____
                             Goshen, NY 10924_____

Defendant  No. 2    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant  No. 3    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant  No. 4    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant  No. 5    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _Orange county_ _Courthouse_____

B.    Where in the institution did the events giving rise to your claim(s) occur? _Courtroom_
_____
_____

C.    What date and approximate time did the events giving rise to your claim(s) occur? _September_ _22 2017, appx 2:00pm, November 14 2017, appx 3:pm_ _December 4, 6, 7, 2017 appx 2:00 pm_____

D.   Facts: County court Judge Craig Brown deliberately exceeded his jurisdiction causing the continuation of Petitioner's unlawful imprisonment. In violation of petitioner's 5th Amendment right to not incriminate himself, Petitioner's 14th Amendment right for "equal protection of the laws" and a legal "due process". Also the 8th Amendment right from unlawful imprisonment. CPL 710.60(2)(a) states "the court must summarily grant a motion to suppress if the people concede to the facts which support the opposition motion." [emphasis on "Must"] After being told of this law on September 22, 2017, after the confession made by the people's response, county court Judge emphatically neglected to comply with the statutory obligation and said "I'm not doing that," then exceeded his authority and ordered a hearing for November, 14, 2017. During the hearing not only did the D.A. fail to meet his burden of proving complete legalities of the facts argued in plaintiff's motion. His two witnesses under oath conceded to the facts of the motion. On December 4, 2017, county court Judge again said he was not complying with the required obligation of suppression the evidence after the concession. December 6, 2017, county court Judge entered a contridictive excuse of the conceded facts and said again that he was not going to comply and to take it up with the appellate division and court of Appeals. I then asked him to recuse himself from my case and he blatantly said "no" and that "Jury selection is tommorrow." There was no way for me to win a trial on a possession case when the illegally obtained evidence was not suppressed.

Who What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

III.   Injuries: I was judicially forced to accept a guilty plea so I would not be exposed to a higher sentence. If motion to suppress was granted as the CPL
If you sustained injuries related to the events alleged above, describe them and state what medical
treatment, if any, you required and received. Battered ego, defamation of
character, loss of Time with family, Missing Holidays
and birthdays, depression from the abuse of Power,
and making the system corrupt. A warrant is not valid
by what is found and the deliberate violation of that
doctrine has me toosi losing sleep. My only treatment is
to read my bible and the Gilbert's Law Book.

required case would of been dismissed. Copies of motions inclued. everything else is on the record. requesting all minutes from dated appearences

IV.   **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

     Yes  ✓  No ____

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).  *Confined in orange county Jail, but Was in courthouse for orange county shackled arms and feet during these events.*

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes __✓__   No ____   Do Not Know ____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No __✓__   Do Not Know ____

If YES, which claim(s)? _____

D.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____   No __✓__   Do Not Know ____

If YES, which claim(s)? _____

E.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No __✓__

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No __✓__

F.     If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

1.     Which claim(s) in this complaint did you grieve? _____

_____

2.     What was the result, if any? _____

_____

3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

_____

4

G.    If you did not file a grievance, did you inform any officials of your claim(s)?

Yes _____   No ✓   only informed Judge.

1.    If YES, whom did you inform and when did you inform them? _____

_____

_____

2.    If NO, why not? claims arose at the county courthouse while in costody of the county correctional officers.

_____

_____

I.    Please set forth any additional information that is relevant to the exhaustion of your administrative

remedies. _____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

V.    Relief:

State what you want the court to do for you. Remind orange county court Judge Craig Brown of his Neutral and detached civil requirement to cases in front of him. Explain to him that no Judge has to right to deny any citizen his constitutional right of a fair and legal due process and equal protection of the law. Nor do they have the right to unlawfully imprison a citizen because the Judge does not himself want to comply with the statutory requirements of the law. and for the county to pay a monetary relief of $1,000,000 to me for allowing him to violate my constitutional rights and having total disregard for stripping me of my freedom and civil liberties and $1,000 for everyday I'm away from my family, due to his disregard to my obligated right for suppression of the evidence required under CPL§710.60(2)(a)

VI.    Previous lawsuits:

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this

action?

Yes ____   No ✓

On
these
claims

5

B.    If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes ____   No ____

If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

---

**On other claims**

D.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?  Yes ____   No ____

E.    If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:

Plaintiff _Jmin A. Ward_____

Defendants _City of Middletown et al, County of Orange et al_

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _17-CV-5248 (NSR)_____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _8-31-2017_____

    6.    Is the case still pending?  Yes _✓_   No ____

If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

Signed this 8 day of December , 20 17 I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff _____

Inmate Number  2017-01851

Mailing address  110 Wells Farm Rd

Goshen, NY 10924

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 8 day of December , 20 17, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

rev. 09/04



# Orange County
## COUNTY ATTORNEY

**Langdon C. Chapman**
**Orange County Attorney**

**STEVEN M. NEUHAUS**
**County Executive**

**Sharon Worthy-Spiegl**
*Deputy County Attorney*

**Municipal Law Unit**
15 Matthews Street, Ste. 305
Goshen, N.Y. 10924
TEL: (845) 291-3150
*FAX: (845) 291-3167

**Family Law Unit**
Tiffany N. Gagliano
*Chief Assistant County Attorney-Family*
*Law & Juvenile Justice*

15 Matthews Street, Ste. 302
Goshen, N.Y. 10924
TEL: (845) 291-2650
*FAX: (845) 291-3014
Mailing Address: Box Z, Quarry Rd
Goshen, N.Y. 10924

October 26, 2017

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    Ward (v) City of Middletown, et al.
               Case No.: 17-CV-5248 (NSR)

Dear Judge Román:

    We write pursuant to your Honor's Order of Service dated August 31, 2017, directing the Office of the Orange County Attorney to ascertain the identity of the John Doe defendants from the Orange County Sheriff's Office who executed a search warrant at plaintiff's home on April 20, 2017 referenced in plaintiff's complaint filed in the United States District Court for the Southern District of New York on July 11, 2017. We have confirmed that the individuals in question are as follows:

Anthony Weed
Duane Lopez
Jason Kahmar
Daniel Greer
Mike Kania
Vincent Iannuzzi
Brian Shanley
Robert Rabbitt
John Trazino
Jason Davis
Chris DeSena
Paul Brahm

Each of the aforementioned individuals can be served with process at their place of business located at the following address: Orange County Correctional Facility, 110 Wells Farm Road, Goshen, New York 10924.

Respectfully yours,

KELLIE E. LAGITCH
Assistant County Attorney

KEL/ag

cc:     J'min Ward
        Orange County Correctional Facility
        110 Wells Farm Road
        Goshen, New York 10924

STATE OF NEW YORK
COUNTY COURT : ORANGE COUNTY
--------------------------------------------------------------x
PEOPLE OF THE STATE OF NEW YORK,

              -against-

J'MIN WARD,

                   Defendant.
--------------------------------------------------------------x

DECISION & ORDER

Ind. No. 2017-325
Index No. 3866/2017

CRAIG STEPHEN BROWN, J.C.C.

On the 14th day of November, 2017, a hearing was held with respect to the above-captioned matter.  The hearing addressed issues concerning the suppression of evidence seized pursuant to a search warrant and an oral statement made by the defendant.  Appearing for the People was Matthew Healy, Esq., Senior Assistant District Attorney for the County of Orange. Appearing for the defendant was Edward Bruno, Esq.

Defendant is charged with Criminal Possession of a Controlled Substance in the First Degree (Penal Law §220.21[1]), Criminal Possession of a Controlled Substance in the Third Degree (Penal Law §220.16[1]), Criminal Possession of Marihuana in the Second Degree (Penal Law §221.25), Criminally Using Drug Paraphernalia in the Second Degree (Penal Law §220.50[2]), and Criminally Using Drug Paraphernalia in the Second Degree (Penal Law §220.50[3]).  The People called two witnesses:  Police Officer Eric Harget from the City of Middletown Police Department and Police Officer Jason Beaudette from the City of Middletown Department.  Defendant called no witnesses.

## FINDINGS OF FACT

On April 20, 2017 at approximately 5:00 a.m. Police Officer Eric Harget was on duty and was assigned to the Narcotics Unit of the City of Middletown Police Department. At said date and time Officer Harget reported to 41 Woodlake Drive, Middletown, New York to execute a search warrant on said premises. The target of the search warrant was J'Min Ward.

As a culmination of a major narcotics investigation solely conducted by the City of Middletown Police Department, Police Officer Eric Harget drafted a search warrant and served as the affiant on the search warrant application. The search warrant was addressed, for execution purposes, to "any police officer of the City of Middletown Police Department, any police officer, any member of the Orange County Sheriff's Office Special Operations Group ["SOG"], and the New York State Police." At the time that Police Officer Harget drafted the search warrant, he believed that the SOG team was made up exclusively of police officers. The SOG team actually includes both police officers and correction officers.

On April 20, 2017, the City of Middletown Police Department executed the search warrant with the assistance of the SOG team. The City of Middletown Police Department searched the house, and discovered and recovered all of the evidence seized pursuant to the search warrant, including cocaine, marijuana, drug packaging materials, scales, and U.S. currency. The SOG team's role was limited to assisting the City of Middletown Police Department by gaining entry to the premises and in securing the occupants of the residence so that the City of Middletown Police Department could safely execute the warrant. There was no testimony that any members of the SOG team who assisted the City of Middletown Police

Department on that day were correction officers, as opposed to police officers. The City of Middletown Police Department does not have its own entry team.

The SOG team was inside the house for approximately five minutes. At all times members of the City of Middletown Police Department were within the curtilage of the house, approximately 20 feet from the SOG team. As soon as the SOG team secured the occupants in the house, the SOG team exited the premises so the members of the City of Middletown Police Department could safely execute the search warrant by conducting the search of the premises and seizing any and all evidence. The SOG team did not search for or seize any evidence.

While the City of Middletown Police Department was executing the search warrant, J'Min Ward stated to Police Officer Jason Beaudette, "That's it, you got me, that's crack, the crack is mine." J'Min Ward's statement was spontaneous and not made in response to any question by any member of law enforcement. Approximately 30 minutes prior to J'Min Ward's spontaneous utterance, Officer Harget had *Mirandized* J'Min Ward. At no time did any member of law enforcement make a threat or promise or use force or coercion to induce J'Min Ward to make a statement.

## CONCLUSIONS OF LAW AND DECISION

Correction officers are not police officers, they are peace officers who are without authority to "execute" search warrants (CPL §§2.10[25], 2.20, and 690.45[3]). The search warrant was sought by, addressed to, and executed by police officers of the City of Middletown Police Department.

The SOG team, though erroneously listed in the search warrant, did not execute the search warrant. The SOG team merely assisted the City of Middletown Police Department for approximately five minutes by gaining entry to the premises and securing the scene (see, for e.g.,

*People v. Charlier*, 136 AD2d 862 [3rd Dept., 1988]; *People v. Cote*, 124 AD2d 1000 [4th Dept., 1986], *lv.denied* 69 NY2d 745 [1987]; *People v. Brancato*, 101 Misc.2d 264 [1979]; *People v. Gamble*, 122 Misc.2d 960 [1984]; *People v. Boyd*, 123 Misc.2d 634 [1984], *aff'd* 127 AD2d 1013 [1st Dept., 1987]*, lv. denied* 69 NY2d 877 [1987]).  The SOG team gained entry to the residence to safely secure the persons therein while the City of Middletown Police Department remained within the curtilage of the house so those officers could safely enter the residence and execute the search warrant.  All of the evidence was searched for, discovered by, and seized by police officers of the City of Middletown Police Department.  The search, discovery, and seizure all were conducted pursuant to a lawfully issued search warrant addressed to police officers of the City of Middletown Police Department.  The erroneous listing of the SOG team on the search warrant did not invalidate it.  There was "no showing of any prejudice to the defendant and no evidence of any intentional and deliberate disregard of [any] statute" (*People v. Barfield*, 151 Misc.2d 1031 [1991]).

The oral statement made by J'Min Ward was a spontaneous utterance and not made in response to any question, threat, or promise by a member of law enforcement.  The oral statement made by J'Min Ward was made after Mr. Ward had been *Mirandized*.

Based upon the facts and circumstances of this case, "and mindful of the strong preference in favor of upholding search warrants," the defendant's motion to suppress the physical evidence seized pursuant to the search warrant is denied (*People v. Graham*, 220 AD2d 769, 772 [2nd Dept., 1995] citing *People v. Hanlon*, 36 NY2d 549).

Defendant's motion to suppress the oral statement made by the defendant to Police Officer Beaudette is denied.  The defendant's oral statement was spontaneous and was made after the defendant had been *Mirandized*.

**ADJOURNED DATE**

This matter is scheduled for a conference to be held on December 6, 2017 at 3:00 P.M.

The defendant, defendant's counsel, and the District Attorney are directed to be present.

The foregoing constitutes the Decision and Order of this Court.

Dated: December 6 , 2017
       Goshen, New York

                                    E N T E R

                                    _____
                                    HON. CRAIG STEPHEN BROWN
                                    COUNTY COURT JUDGE

TO: EDWARD BRUNO, ESQ.
    Attorney for Defendant
    15 Bruyn Avenue
    P.O. Box 987
    Pine Bush, New York 12566

    ORANGE COUNTY DISTRICT ATTORNEY
    Attorney for the People
    40 Matthews Street
    Goshen, New York 10924



# SEARCH WARRANT

CITY OF MIDDLETOWN)
COUNTY OF ORANGE)        SS        **CITY OF MIDDLETOWN CITY COURT**
STATE OF NEW YORK)                 [Pursuant to Section 690 of the C.P.L.]
HONORABLE JUDGE BROCKETT, ISSUING JUDGE

*TO ANY POLICE OFFICER OF THE CITY OF MIDDLETOWN POLICE DEPARTMENT, ANY POLICE OFFICER, ANY MEMBER OF THE ORANGE COUNTY SHERIFF'S OFFICE SPECIAL OPERATIONS GROUP, AND THE NEW YORK STATE POLICE:*
YOU ARE HEREBY AUTHORIZED AND DIRECTED TO SEARCH FOR AND SEIZE THE FOLLOWING PROPERTY:

Controlled Substances in violation of sections 220.00 of the New York State Penal Law and any evidence that tends to demonstrate that a drug related offense was committed or that a particular person participated in the commission of such offense, to include written records, books and computer records tending to show sale and trafficking of controlled substances and money showing profits from the sale of controlled substances, safe deposit box records and keys, records, ledgers, notes or other writings reflecting deposit, withdrawal, investment, custody or location of money, real property, personal property or other financial transactions, records, ledgers notes or other writing reflecting ownership of said property, records reflecting the names, addresses and telephone numbers of persons from whom controlled substances are purchased and sold, including but not limited to, address and telephone books, including those contained in cellular telephones or Personal Data Assistants and telephone bills; all records ledgers, notes or other writings reflecting income earned and reported to the Internal Revenue Service or other taxing agencies; Authorize the analysis and seizure of any safes, lock boxes, briefcases or any like containers used for storage, pagers, scanners, video surveillance equipment and cellular phones and other mobile communication devices; indicia of occupancy, residency and/or ownership of the described premises, including but not limited to, utility and telephone bills, canceled envelopes, keys, deeds and mortgages; photographs and video tapes that depict individuals involved in controlled substance violations and/or photographs to assist in helping identify drug traffickers and their associates including undeveloped rolls of film and disposable cameras; also any firearms, illegal weapons and ammunition found therein, pursuant to Section 690.10.(2)(3)(4) of the New York State Criminal Procedure Law.

YOU ARE THEREFORE COMMANDED AT ANYTIME OF THE DAY OR NIGHT, TO SEARCH THE FOLLOWING PREMISE, PERSON(S) AND VEHICLES:
**PREMISES: 41 WOODLAKE DRIVE, CITY OF MIDDLETOWN, COUNTY OF ORANGE, STATE OF NEW YORK,** Which is located on Woodlake Drive between Brickpond Road and Phillips Street in the Spring Hollow condominium complex in the City of Middletown. The structure is a single-family residence with two main floors and an attic area. The structure is yellow in color with a gray roof. The front door of the premises is white in color. There is a "41" affixed to the house, to the left of the front entrance door. The search warrant is to include the entire dwelling and its curtilage, including any storage areas, sheds, and/or garages associated with the target premises. See attached photograph of the exterior of the target premises in exhibit "A."
**THE PERSON(s) DESCRIBED AS:** *Target #1-* A black male who was identified as Jmin A. Ward having a date of birth of April 26, 1981. Target #1 is further identified as a male approximately 5'09" who weighs approximately 240 pounds. Target #1 has a Social Security number of 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, a NYSID number of 08928006H as well as a NY DLIC #506206993.
**VEHICLE:** A White 2011 Ford Explorer bearing NYS Registration GJW1257, Vehicle Identification Number: 1FMHK8F83BGA74804.
THIS COURT HEREBY DETERMINES THAT ADEQUATE GROUNDS EXIST FOR AUTHORIZING THE EXECUTING OFFICERS TO ENTER INTO SAID PREMISES AT ANYTIME OF THE DAY OR NIGHT. SAIDPREMISES TO BE SEARCHED WITHOUT GIVING NOTICE OF HIS AUTHORITY AND PURPOSE AND, IF YOU FIND ANY SUCH PROPERTY OR ANY PART THEREOF, A SEARCH WARRANT RETURN IS TO BE MADE TO ME, LISTING AND IDENTIFYING THE PROPERTY SEIZED, WHICH I FURTHER DIRECT BE SAFEGUARDED BY YOUR DEPARTMENT. ANY AND ALL SUBJECTS LOCATED INSIDE THE TARGET RESIDENCE CAN BE DETAINED AND HELD UNTIL COMPLETION OF THE EXECUTION OF THIS SEARCH WARRANT.

Dated in the City of Middletown, New York
This 18th day of April, 2017 at 9:05am

_____ City Court Judge

ORANGE COUNTY COURT
STATE OF NEW YORK: COUNTY OF ORANGE
------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

              -against-

J'min Ward

                           Defendant.

------------------------------------------------------------X

**POST-HEARING ARGUMENTS**

Indictment No. 2017-325
Hon. Craig Brown

## PROCEDURAL BACKGROUND

I represent defendant, J'MIN WARD, in connection with Indictment No. 2017-325.

Pursuant to Article 710, defendant filed a motion arguing, among other things, that the procedural requirements of Article 690 where not complied with, specifically that the subject search warrant was issued to and executed by corrections officers. Moreover, the lower court Judge exceeded his jurisdiction in issuing a warrant to corrections officers.

The People, in their response, conceded that the warrant was addressed to Orange County Sheriff's Special Operations Group ("SOG") and that SOG consisted of corrections officers. (See Healy Affirmation, dated August 4, 2017, page 3, paragraph 9). The warrant was obtained by Middletown Police Officer Eric Hargett, who included SOG, ie. corrections officers, on the warrant.

Defendant contends that the warrant is defective on its face, and that the People have conceded the facts relevant to that argument. Article 710, CPL §710.60(2)(a) states that the Court must summarily grant the motion if the People concede to the truth of the allegations of

fact which support the motion. Despite the concession with respect to the facts, the Court, pursuant to CPL 710.60 (4), ordered that a hearing be conducted with respect to the listing of SOG on the search warrant and SOG's role, if any.

On November 14, 2017, the hearing was conducted.

## RELEVANT FACTS FROM THE HEARING

The relevant facts from the hearing are as follows:

- SOG was on the warrant prepared by and obtained by Officer Hargett;

- SOG consist of Corrections Officers;

- Neither officer who testified at the hearing could state who from SOG was present, or what they did while in the residence;

- SOG initially enters the residence without the Middletown Police, while the Middletown Police remained on the perimeter;

- SOG remained inside the residence without the Middletown Police for approximately 5 minutes;

- When SOG exited the residence, they advised Middletown Police that the premises were secured and the occupants were zip tied;

- Securing the property would include searching for weapons.

## ARGUMENT

The lower Court Judge issued a hyper-intrusive, no notice, anytime of day or night search warrant. The prosecution bears the burden of showing legality, ie. that the warrant was legal and

The People concede that the warrant, on its face, is issued to corrections officers, and as written, could be executed by corrections officers. A search warrant must be addressed to a police officer. (CPL §§690.05 and 690.25)   However, police officers may have the assistance of others. People v. Gamble, 122 Misc.2d 960, 472 N.Y.S.2d 580 (Supreme Ct, Bronx Cty, 1984). In Gamble, the warrant was issued to a police officer for the search of the cell of defendant, who was at Rikers Island. The police officer was advised that he could not enter the cell, but could observe the Deputy Warden retrieve the items from the cell, while the police officer watched from outside the cell. Defendant argued that since the Deputy Warden was not listed on the warrant, he did not have the authority to search the defendant's cell, and that the warrant should have been modified to include the warden. The Court held that such an argument "betrays the flaw in his position", since a search warrant must be addressed to a police officer, citing CPL §§690.05 and 690.25. People v. Gamble, supra.  In Gamble, the Court went on to say that a police officer, to whom the warrant is addressed, need not deny himself the assistance of others to whom the warrant is not addressed. People v. Gamble, supra.  In this case, SOG were actually addressed in the warrant, and that is what makes the warrant illegal.

The fact that the correctional officers were included in the warrant and authorized to execute the warrant, overcomes the argument that they were merely assisting. The way the warrant is worded, any one of the agencies listed could have executed the warrant, including corrections officers. That is what violates CPL Article 690, which can not be more clear in requiring that search warrants be issued to police officers.

Although the search warrant was applied for by a police officer, the absence of authority may not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of an unauthorized entity or agency. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). While a police officer has the authority to apply for a search warrant in pursuance of his duties as a police officer, he does not have such power to obtain a warrant for an agency or entity that is not authorized, such as a corrections officer. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978) and People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990).

If SOG did not consists of corrections officers, as in People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990), then the search warrant would be legal. In Martin, the defendant moved to controvert the search warrant and suppress the evidence obtained because the search warrant was issued to "Det. Sgt. Carl Draiss of the Dutchess County Drug Task Force," which did not come into existence until after the issuance of the warrant. However, since Det. Sgt. Carl Draiss was a sworn police officer of the Town of Poughkeepsie Police Department, and he executed the search warrant, there was no violation of CPL §690.05 or CPL §690.25. If Det. Sgt. Carl Draiss was not a police officer, the search warrant would have been illegal. Similarly, since SOG consists of non-police officers, ie. corrections officers, the search warrant is illegal, and the evidence should be suppressed.

See also, People v. Pearson, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2d Dept. 1992), where a warrant was held to be valid when issued to a task force, since all of the members of the task force were police officers from participating municipalities. Again, SOG consist of corrections officers.

## APPLICABLE LAW

Excess of jurisdiction is when a body or officer acts or threatens to act either without jurisdiction or in excess of its authorized powers. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). CPL §§690.05 and 690.25 does not authorize a search warrant to anyone other than a police officer. The Court must construe statutory language literally where it expresses the evident intent of the legislature. (McKinney's Construction of Laws of NY, Book 1, Statutes §94 chapter 6, p. 19.) Statutory language is to be read in accordance with its ordinary and accepted meaning. (McKinney's Construction of Laws of NY, Book 1, Statutes §94 chapter 6, p. 26.)

Compliance with the statute is even more important when the warrant allows for execution any time of day or night, and allows entry by the executing police officer without giving notice. CPL 690.45(7) authorizes the executing "police officer" to enter the premises without notice. In this case, the police officers are not even the ones who made the initial entry. Instead, SOG entered, while the Middletown Police remained on the perimeter.

Corrections officers are defined as "peace officers." CPL §2.10(25). Peace officers powers are listed under CPL §2.20, and does not include executing search warrants. Instead, a peace officer is permitted to carry out warrantless searches whenever such searches are constitutionally permissible and while acting pursuant to their special duties. CPL §2.20(1)( c). Clearly, whether intentionally or inadvertently, the lower court Judge and Officer Hargett exceeded their authority by having a no notice, no knock, anytime day or night, warrant issued to corrections officers whose statutory powers do not permit executing search warrants. The search

warrant in this case violates CPL §§2.10(25), 2.20(1)( c), 690.05, 690.25, 690.45(6), 690.45(7), and 690.50.

CPL §690.50 through all of its subdivisions, discusses what a "police officer" can and can not do when executing a warrant, including entry by a "police officer" without notice when the warrant permits same.  CPL §690.50(2).

The lower Court and the Middletown Police exceeded their respective jurisdiction by having a warrant issued to corrections officers.  B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978).

It is the duty of the issuing Judge to determine who the warrant is issued and authorized to, and not to serve as a rubber stamp for law enforcement.  People v. Hanlon, 36 N.Y.2d 549, 369 N.Y.S.2d 677 (1985).

The People contended in their answering papers that listing SOG on the search warrant was merely a "ministerial" error.  That is simply not supported by the testimony at the hearing. Officer Hargett listed SOG because SOG was going to be an active participant in the execution of the warrant, and he did not know they were corrections officers.  The case cited by the People, People v. Barfield, 151 Misc.2d 1031, 574 N.Y.S.2d 503 (Suffolk Cty Ct, 1991), is distinguishable, since the warrant in that case was issued to the Suffolk County Police Department, but executed by the New York State Police.  Both entities were police officers who had jurisdiction.  SOG consists of corrections officers, who do not have jurisdiction to execute warrants.

that the lower court Judge did not exceed his jurisdiction in issuing the search warrant to corrections officers. Once legality is shown, defendant has the burden of persuasion to show otherwise.

The People did not meet their burden of showing legality. Officer Hargett testified that he listed SOG on the search warrant and that he now knows SOG consisted of corrections officers. The search warrant clearly reads:

"To any police officer of the City of Middletown Police Department, any police officer, **any member of the Orange County Sheriff's Office Special Operations Group**, and the New York State Police."

The warrant, on its face, would permit SOG to conduct the search. The Middletown Police Department could have simply stayed home. The warrant does not require all of the agencies listed to be present. The lower court clearly and unquestionably exceeded its jurisdiction by issuing a warrant to corrections officers, and the testimony at the hearing confirms this.

Moreover, the People failed to meet their burden of establishing the role of the corrections officers, as the witnesses who testified for the People could not say who from SOG was present, or what SOG did inside the premises while they remained in there alone for five minutes. The People must first show legality, but failed to call any witnesses to say what SOG did while inside the residence.

## CONCLUSION

There is no factual dispute that SOG was included on the warrant, and that SOG consists of correction officers. This was conceded in the People's answering papers on this motion. Officer Hargett and Officer Beaudette both testified that SOG participated in executing the warrant, and in fact, were the ones who made entry into the home, while Middletown Police waited on the perimeter. SOG broke in the door, and remained inside for approximately five minutes.

There is case law in New York State supporting the position that non-police officers who are not addressed in a warrant can, under certain circumstances, assist police officers who are addressed in a search warrant. That argument fails in this case, since this warrant was actually addressed to non-police officers. Any member of SOG could have executed this warrant on their own, and that includes correction officers. CPL Article 690 does not permit the issuance of search warrants to anyone other than a police officer.

As such, the lower court Judge and the police officer who obtained the warrant exceeded their jurisdiction. That makes the warrant illegal. Any evidence obtained pursuant to the warrant must be suppressed.

WHEREFORE, defendant requests that all evidence obtained pursuant to the search warrant be suppressed.

Dated: November 21, 2017
Pine Bush, NY

EDWARD C. BRUNO, ESQ.
EDWARD C. BRUNO, ESQ., P.C.
*Attorney for Defendant, J'Min Ward*
15 Bruyn Ave.– PO Box 987
Pine Bush, NY 12566
Tel (845) 361- 3671

ORANGE COUNTY COURT
STATE OF NEW YORK:  COUNTY OF ORANGE
---------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

                -against-

J'Min Ward                                            Indictment No. 2017-325
                                                       Hon. Craig Brown

                           Defendant.
---------------------------------------------------------------X

## **SECOND SUPPLEMENTAL AFFIRMATION IN SUPPORT OF OMNIBUS MOTION**

EDWARD C. BRUNO, ESQ., P.C.
ATTORNEY AT LAW
P.O. BOX 987
15 BRUYN AVENUE
PINE BUSH, NEW YORK 12566
Tele. No.  (845) 361-3671
Fax No. (845) 361-9988
*SERVICE BY FAX NOT ACCEPTED*

ORANGE COUNTY COURT.
STATE OF NEW YORK: COUNTY OF ORANGE
----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK                    **SECOND
                                                        SUPPLEMENTAL
                                                        AFFIRMATION**

                -against-

J'min Ward                                             Indictment No. 2017-325
                                                       Hon. Craig Brown

                Defendant.
----------------------------------------------------------------X

        EDWARD C. BRUNO, ESQ., being duly admitted to practice law in the State of

New York, does hereby affirm to be true under penalty of perjury the following allegations:

1.       I am the Attorney of Record for the defendant herein and I am fully familiar with

the facts and circumstances of this case.  This affirmation is submitted in further support

of the Omnibus Motion filed by prior counsel, Joseph P. Brown.

2.       Unless otherwise specified, all allegations made in this affirmation are made upon

information and belief, and are based upon inspection of the record in this case,

information secured from Voluntary Disclosure provided by the District Attorney's

office, and from conversation with defendant.

3.       This Affirmation is submitted to provide additional arguments to controvert the

search warrant.

4.       The evidence obtained pursuant to the search warrant in this case should be

suppressed, as the search warrant was issued in violation of CPL §690.05, CPL §690.25,

CPL §690.35, the 4th Amendment of the United States Constitution, the New York

Constitution, the 5th Amendment of the United States Constitution and the 14th
Amendment of the United States Constitution of the defendants' rights.

5.      CPL §710.60 (1), A motion made before trial must state the ground or grounds of
motion and must contain sworn allegations of fact. CPL §710.60 (2)(a), the court must
summarily grant the motion if (a) The motion papers comply with requirements of
subdivision one and the people concede the truth of allegations of fact therein which
support the motion.

6.      The search warrant in this case was applied for by Eric J. Harget of the City of
Middletown Police Department, who, as a police office, is a public servant of the kind
specified in CPL §690.05.

7.      However, Eric J. Harget exceeded his authority as a police officer, obtaining the
search warrant and Middletown City Court Judge, Stephen Brockett, exceeded his
authority in issuing the search warrant and the evidence obtained was unconstitutional
making it fruit from a poisonous tree.

8.      The 4th Amendment and New York Constitution guarantees protection against
unlawful searches. The 5th Amendment prohibits depriving a person of Liberty without
due process of Law, and the 14th Amendment prohibits depriving any person of their
natural rights of the pursuit of happiness, equal rights and the equal protection of the laws
guaranteed by the United States Constitution.

9.      CPL §690.05 (2) and CPL §690.25 require that a search warrant be issued and
addressed only to a police officer.

10.     The search warrant in this case was issued:

> To any police officer of the City of Middletown Police Department, any police officer, any member of the Orange County Sheriff's Office Special Operations Group, and the New York State Police.

11.     Judge Brockett exceeded his jurisdiction and authority when he issued and addressed a warrant directed to "ANY member" of the Orange County Sheriffs' Office Special Operations Group (SOG). Police Officer Eric J. Harget exceeded his authority and Jurisdiction when he obtained the search warrant on behalf of "ANY member" of the Orange County Sheriff's Office Special Operations Group (SOG), who ultimately participated in the execution of the warrant. SOG has members who are not police officers, many members are correctional officers. Judge Brockett violated CPL §690.05 and CPL §690.25. Judge Brockett and Police Officer Eric J. Harget both violated defendants United States Constitutional 4th, 5th and 14th Amendments.

12.     A search warrant is a court order and process directing a police officer only to conduct a search. CPL §690.05(2). A search warrant must only be addressed to a police officer. CPL §690.25.

13.     SOG consist of correctional officers who work in the Orange County Jail, and whose duties are to maintain control and safety within the facility. Correctional Officers at the Orange County Jail are not police officers as defined in CPL §1.20(34). Instead,

Correctional Officers are peace officers as defined in CPL §2.10(25), and as such, are not permitted to apply for or execute search warrants pursuant to CPL §2.20(c).

14.     It was improper for Middletown Police Officer Eric J. Harget to obtain the said warrant on behalf of "Any" member of the Orange County Sheriff's Office Special Operations Group (SOG). Judge Brockett improperly issued and addressed the warrant to "Any" member of the Orange County Sheriff's Office Special Operations Group (SOG), both exceeding authority and Jurisdiction.

15.     Although the search warrant was applied for by a police officer, the absence of authority may not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of a task force. B.T Prod v. Barr. 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). While a police officer has the authority to apply for a search warrant in pursuance of his duties as a police officer, he does not have such power to obtain a warrant for a task force. B.T Prod v. Barr. 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978) and People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990).

16.     In this case, a Middletown Police Officer applied for a warrant which was ultimately issued, in part, to SOG, which consist of individual who are not police officers (Sgt. Kamar, Sgt. Berlinski, C.O Greer, C.O Shannolly, C.O Dasenta and many more).

17.     There is nothing on the face of the warrant limiting or preventing SOG from executing the within search warrant. As such, the warrant is illegal and unconstitutional, and any evidence obtained must be suppressed.

18.     A gross abuse of power on its face and in effect may be in reality so serious an excess of power incontrovertibly justifying and requiring correction. LA Rocca v. Lane. 47 A.D.2d 243, 366 N.Y.S.2d 456, 376 N.Y.S.2d 93 (2nd Dept.). LA Rocca did not pertain to a search warrant, however, it did pertain to an excess of authority and Jurisdiction.

19.     The warrant should not have been issued and addressed to "Any" member of the Orange County Sheriff's Special Operations Group (SOG), as members are correctional officers, not police officers. The search warrant herein was issued to SOG and authorized SOG to execute the warrant. There is nothing in the search warrant limiting the power of SOG to merely assist in the execution. As written, this search warrant permitted correctional officers to execute the search warrant without limitation, in clear violation of CPL §690.05, CPL §690.25 and CPL §2.20(c).

20.     Although CPL §690.05 does not authorize the issuance of a warrant directly to other than a police officer it does not prohibit the attendance of those having special training and ability. People v. Northrop 410 N.Y.S.2d 32 (2nd Dept.). The warrant in question was clearly issued to "Any" member of the Orange County Sheriff's Office (SOG) in violation of CPL §690.05, but the fact of attendance of the SOG which

consisted of correctional officers pursuant to CPL §2.10(25) was in clear violation of

CPL §2.20(c) powers of peace officers; (c) to carry out warrantless searches. Peace

officers are not authorized to attend or execute search and seizure warrants, to which the

peace officers also exceeded their power and Jurisdiction in violation of defendant's

United States Constitutional rights, Amendments (14), (5), (4), and corresponding New

York State Constitutional Art 1§12.


21.　　　The injection of "Any" member of the Orange County Sheriff's Office on warrant

in question by Middletown Police Officer Eric J, Harget and the issuance of said warrant

addressed to "Any" member of the SOG by Judge Brockett although in violation of

defendants' rights, was no accident. CPL §690.40 mandates that warrant be read back to

the Judge. Suppression court must find that there was substantial compliance with CPL

§690.40 in order to provide an "assurance of regularity of the application

process…and…preservation for appellate review of the grounds upon which as search

warrant is issued". People v. Serrano, 688 N.Y.S.2d 90 (1999) "…reviewing court must

still insist magistrate perform his neutral and detached function and not serve as merely a

rubber stamp for police". People v. Hanlon, 369 N.Y.S.2d 677 (2nd Dept.) Judge

Brockett improperly issued warrant to peace officers.


22.　　　Police officer Eric J, Harget improperly placed any member of Orange County

Sheriff's Officer (SOG) on warrant in question. Peace Officers pursuant to CPL §2.10

(25) are not authorized pursuant to CPL §2.20(c) to obtain warrants. "The courts must be

vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent

violations of the Constitution by circuitous and indirect methods. Constitutional

provisions for the security of person and property are to be liberally construed, and it is the duty of the courts to be watchful for the constitutional rights of the citizen against any stealthy encroachment thereon" <u>Boyd v. United States</u>, 116 U.S.616.635, 6.S.ct 524-535, 29 L. Ed 746. Officer J. Harget exceeded his authority.

23.      "We find that since the Task Force members are "police officers" from participating municipalities they had the authority to secure a warrant…" <u>People v. Pearson</u>, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2nd Dept. 1992) and <u>People v. Martin</u>, 163 A.D.2d 536 (2nd Dept. 1990). "Having determined that members of the Dutchess County Drug Task Force had the authority…" the issue raised that they didn't must fail. <u>People v. Pearson</u>, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2nd Dept. 1992).

24.      Members of the Orange County Sheriff's Office Special Operations Group (SOG) is made up of peace officers pursuant to CPL §2.10(25). Correctional officers of Orange County Correctional Facility (Sgt. Kamar, Sgt. Berlinski, C.O Greer, C.O Shannolly, C.O Dasenta and many more). CPL §2.20, powers of peace officers does not authorize the issuance of warrants to peace officers. "The absence of authority many not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of a task force. <u>B.T. Prod v. Barr</u>, 376 N.E.2d 171, 44 NY2d 226, 405 N.Y.S.2d 9 and <u>People v. Martin</u>, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2nd Dept.).

25.      Having determined through CPL §2.10(25) and CPL §2.20 that peace officers are not authorized to obtain warrant, be issued a warrant, nor addressed in a warrant. Judge Brockett and Middletown Police officer Eric J. Harget exceeded their authority and

Jurisdiction pursuant to CPL §690.35, CPL §690.05 and CPL §690.25 in violation of defendants' rights.

26.      "To eliminate or minimize the concept of an excess of power, on presumed verbalistic grounds, would undermine a common-law principle of ancient stadium and the continuous statutory statement of that principle". LA Rocca v. Lane, 37 N.Y.2d 581, 376 N.Y.S.2d 99, 338 N.E.2d 611.

27.      Defendants right to unlawful search and seizure protected in the 4th Amendment and corresponding N.Y.S constitution Art 1. §12 was violated.

28.      Defendants right to due process of law protected in the 5th Amendment of the United States Constitution was violated.

29.      The right to equal protection of the laws protected by the 14th Amendment was also violated due to the unlawful practices of Judge Brockett and Middletown Police Officer Eric J. Harget.

30.      Any evidence obtained through an unlawful and unconstitutional warrant should be suppressed. "All evidence obtained unconstitutionally is inadmissible in State courts" Mapp v. Ohio.

31.      "A search prosecuted in violation of the Constitution is not made lawful by what it brings to light and that doctrine has never been recognized by this court, nor can it be

tolerated under our Constitutional system that evidence of an unlawful search can be prosecuted". <u>Byar v. United States.</u>

32.     Orange County Sheriff's Office Special Operations Group (SOG) consist of peace officers employed at the Orange County Jail, 110 Wells Farm Road, Goshen New York, 10924 where the defendant is being detained. CPL§2.20 prohibits peace officers from being issued, or addressed in a warrant, nor does it authorize the obtainment or execution of a warrant.  CPL §690.05 and CPL §690.25 does not authorize the issuance of a warrant to other than a police officer and a warrant must be addressed directly to a police officer.

33.     Middletown police and SOG executed a hyper intrusive "no-knock" "anytime" search warrant. The search warrant in question fails to meet above CPL requirements and Constitutional requirements, making said search warrant unlawful and unconstitutional, and any evidence obtained must be suppressed.

        The basis the judge issued the hyper intrusive no knock anytime warrant was merely on the hearsay information relayed by Officer Eric J. Harget #1237, of a confidential informant who initiated the investigation however did not give a written nor oral statement.

34.     Upon information sworn to issuing judge, confidential informant told investigating officers, defendant was engaged in criminal activities, but never gave basis of their knowledge.

35.     Pursuant to Spinelli v. United States, 393 U.S. 410, and Aguillar v. Texas, 378 U.S. 108, explanation provided by an informant may not be used unless the source of his knowledge is revealed.

36.     The officer was also sworn and said a confidential informant initiated the participation of the alleged criminal activity on three prior occasions. Application lacked statement from confidential informant both written and oral to collaborate the allegations.

37.     These allegations of criminal activity by the defendant that were alleged and initiated by the confidential informant were the basis of the probable cause for the issuance of the search warrant.

38.     Confidential informant was never brought before the Court to verify their existence, their information, nor the credibility of the officer. People v. Darden, 34 N.Y. 2d 177, 356, N.Y.S. 2d 582.

39.     Information obtained from confidential informant necessary to establish probable cause, police must make informant available for an examination of issuing Judge.

40.     Without statement from confidential informant, who's actions were the basis for probable cause for issuance of warrant did not comply with statutory requirements that testimony taken in determining whether to issue search warrant must be reported or summarized on record pursuant to CPL §690.40 makes search warrant insufficient to establish probable cause.

41.     Search warrants are in derogation of common law and statues pertaining to their issuance are strictly construed. People v. Prisco, 232 N.Y.S. 2d 837, 36 Misc. 2d 357.

42.      Reviewing court must still insist magistrate performed his neutral and detached function and not serve as merely a rubber stamp for police. People v. Hanlon. 369 N.Y.S. 2d 677 (2nd dept.).

43.      Warrant did not meet the requirements of Aguillar, Spinelli and Darden. Issuing Judge did not comply with the statutes and common law pertaining to the issuance of the warrant making search and seizure illegal and unreasonable in violation of United States Constitutional 4th Amendment, 14th Amendment and NYS Constitution Art.1§12.

44.      Evidence obtained through an illegal search in violation of the 4th Amendment of the Federal Constitution was held inadmissible in state court proceedings by reason of the due process clause of the 14th Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S. CT 1684 all evidence ought to be suppressed.

45.      A search prosecuted in violation of the Constitution is not made lawful by what it brings to light and that doctrine has never been recognized by this court nor can it be tolerated under our Constitutional system Byar v. United States.

## RELEASE OF VEHICLE SEIZED

46.    Middletown Police Department and Orange County Sheriff's Office Special Operations Group (SOG), exceeded their jurisdiction and authority seizing unauthorized property not specified in the warrant application or warrant itself. Middletown Police Department covered up the seizure of property with a falsifying 13-a forfeiture "instrumentality of a crime" proceeding. Further exceeding jurisdiction and authority by seizing property pertaining to a 13-a proceeding and not going through the proper requisites

WHEREFORE, defendant requests that the relief requested in the Omnibus

Motion be granted, all evidence obtained pursuant to the search warrant be suppressed, and that

the vehicle be released to its owner.

_____

EDWARD C. BRUNO, ESQ.
EDWARD C. BRUNO, ESQ., P.C.
15 Bruyn Ave.
Pine Bush, NY 12566
Tel (845) 361- 3671
Fax (845) 361- 9988

COUNTY COURT : COUNTY OF ORANGE
STATE OF NEW YORK
-----------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

       - against -                             AFFIRMATION IN RESPONSE

JMIN WARD,                                  IND. #2017-325

                           Defendant.
-----------------------------------------------------X

       MATTHEW E. HEALY, an attorney duly admitted to practice law in the Courts of the State of New York, submits this affirmation under the penalties of perjury pursuant to CPLR Section 2106:

       1.     I am a duly appointed Senior Assistant District Attorney of and for Orange County, New York, and I submit this Affirmation in response to the defendant's Pre-Trial Omnibus Motion in the above-captioned matter which was returnable on June 26, 2017 as filed by Joseph Brown, Esq., however, new defense counsel Edward Bruno has filed supplemental motions.

       2.     The defendant was indicted in a Finding filed by the Orange County Grand Jury on May 22, 2017, Indictment #2017-325, and charged with the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, in violation of the provisions of Section 220.21, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, in violation of the provisions of Section 220.16, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF MARIHUANA IN THE SECOND DEGREE, in violation of the provisions of Section 221.25 of the Penal Law of the State of New York and CRIMINALLY USING DRUG PARAPHERNALIA IN THE SECOND DEGREE (2 counts), in violation of the provisions of Section 220.50, Subdivisions 2 and 3, of the Penal Law of the State of New York. A copy of the Indictment is provided herewith to the Court. The defendant was arraigned before the Honorable Craig Stephen Brown, County Court Judge, on May 23, 2017, and entered a plea of not guilty through his attorney Joseph Brown, Esq. Bail was set on these charges, and the

(c)     The People further demand reciprocal discovery of any item voluntarily provided herein (People v. Copicotto, 50 N.Y.2d 222).

## STATEMENT OF READINESS

PLEASE TAKE NOTICE THAT THE PEOPLE ARE IN ALL RESPECTS READY FOR TRIAL IN THE ABOVE-CAPTIONED MATTER.

## DEMAND FOR NOTICE OF ALIBI

PLEASE TAKE NOTICE, that the People pursuant to CPL §250.20 demand the defense serve, within eight (8) days of service hereof, upon the undersigned a Notice of Alibi reciting:

(a)     The place or places where the defendant claims to have been at the time of the commission of the crime charged, and

(b)     The names, the residential addresses, the places of employment with the addresses thereof of every alibi witness upon whom he intends to rely.

PLEASE TAKE NOTICE, that the Notice of Alibi must be served upon the undersigned if the defendant intends to offer such testimony.

PLEASE TAKE FURTHER NOTICE, that if said notice is not served as prescribed the defendant will be precluded from offering such testimony.

WHEREFORE, it is respectfully requested that the instant motion be decided in accordance with the arguments articulated above, together with such other and further relief that this Court deems just and proper.

Dated: Goshen, New York
        August 4, 2017

MATTHEW E. HEALY
Senior Assistant District Attorney

5

Orange County
**COUNTY ATTORNEY**

Langdon C. Chapman
**Orange County Attorney**

**STEVEN M. NEUHAUS**
County Executive

**Sharon Worthy-Spiegl**
*Deputy County Attorney*

**Municipal Law Unit**
15 Matthews Street, Ste. 305
Goshen, N.Y. 10924
TEL: (845) 291-3150
*FAX: (845) 291-3167

**Family Law Unit**
Tiffany N. Gagliano
*Chief Assistant County Attorney-Family*
*Law & Juvenile Justice*

15 Matthews Street, Ste. 302
Goshen, N.Y. 10924
TEL: (845) 291-2650
*FAX: (845) 291-3014
Mailing Address:  Box Z, Quarry Rd
Goshen, N.Y. 10924

October 26, 2017

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re:   Ward (v) City of Middletown, et al.
      Case No.: 17-CV-5248 (NSR)

Dear Judge Román:

        We write pursuant to your Honor's Order of Service dated August 31, 2017, directing the
Office of the Orange County Attorney to ascertain the identity of the John Doe defendants from
the Orange County Sheriff's Office who executed a search warrant at plaintiff's home on April
20, 2017 referenced in plaintiff's complaint filed in the United States District Court for the
Southern District of New York on July 11, 2017. We have confirmed that the individuals in
question are as follows:

Anthony Weed
Duane Lopez
Jason Kahmar
Daniel Greer
Mike Kania
Vincent Iannuzzi
Brian Shanley
Robert Rabbitt
John Trazino
Jason Davis
Chris DeSena
Paul Brahm

*[handwritten annotations throughout, including "All Corrections Officers Who Work Orange County Jail"]*

Each of the aforementioned individuals can be served with process at their place of business located at the following address: Orange County Correctional Facility, 110 Wells Farm Road, Goshen, New York 10924.

Respectfully yours,

*Kellie E. Lagitch*

KELLIE E. LAGITCH
Assistant County Attorney

KEL/ag

cc:     J'min Ward
        Orange County Correctional Facility
        110 Wells Farm Road
        Goshen, New York 10924

STATE OF NEW YORK
COUNTY COURT : ORANGE COUNTY
--------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK,                    DECISION & ORDER

          -against-                                Ind. No. 2017-325
                                                      Index No. 3866/2017

J'MIN WARD,

                    Defendant.
--------------------------------------------------------x

CRAIG STEPHEN BROWN, J.C.C.

      On the 14th day of November, 2017, a hearing was held with respect to the above-captioned matter.  The hearing addressed issues concerning the suppression of evidence seized pursuant to a search warrant and an oral statement made by the defendant.  Appearing for the People was Matthew Healy, Esq., Senior Assistant District Attorney for the County of Orange.  Appearing for the defendant was Edward Bruno, Esq.

      Defendant is charged with Criminal Possession of a Controlled Substance in the First Degree (Penal Law §220.21[1]), Criminal Possession of a Controlled Substance in the Third Degree (Penal Law  §220.16[1]), Criminal Possession of Marihuana in the Second Degree (Penal Law §221.25), Criminally Using Drug Paraphernalia in the Second Degree (Penal Law §220.50[2]), and Criminally Using Drug Paraphernalia in the Second Degree (Penal Law §220.50[3]).  The People called two witnesses:  Police Officer Eric Harget from the City of Middletown Police Department and Police Officer Jason Beaudette from the City of Middletown Department.  Defendant called no witnesses.

## FINDINGS OF FACT

On April 20, 2017 at approximately 5:00 a.m. Police Officer Eric Harget was on duty and was assigned to the Narcotics Unit of the City of Middletown Police Department.  At said date and time Officer Harget reported to 41 Woodlake Drive, Middletown, New York to execute a search warrant on said premises.  The target of the search warrant was J'Min Ward.

As a culmination of a major narcotics investigation solely conducted by the City of Middletown Police Department, Police Officer Eric Harget drafted a search warrant and served as the affiant on the search warrant application.  The search warrant was addressed, for execution purposes, to "any police officer of the City of Middletown Police Department, any police officer, any member of the Orange County Sheriff's Office Special Operations Group ["SOG"], and the New York State Police."  At the time that Police Officer Harget drafted the search warrant, he believed that the SOG team was made up exclusively of police officers.  The SOG team actually includes both police officers and correction officers.

On April 20, 2017, the City of Middletown Police Department executed the search warrant with the assistance of the SOG team.  The City of Middletown Police Department searched the house, and discovered and recovered all of the evidence seized pursuant to the search warrant, including cocaine, marijuana, drug packaging materials, scales, and U.S. currency.  The SOG team's role was limited to assisting the City of Middletown Police Department by gaining entry to the premises and in securing the occupants of the residence so that the City of Middletown Police Department could safely execute the warrant.  There was no testimony that any members of the SOG team who assisted the City of Middletown Police

Department on that day were correction officers, as opposed to police officers. The City of Middletown Police Department does not have its own entry team.

The SOG team was inside the house for approximately five minutes. At all times members of the City of Middletown Police Department were within the curtilage of the house, approximately 20 feet from the SOG team. As soon as the SOG team secured the occupants in the house, the SOG team exited the premises so the members of the City of Middletown Police Department could safely execute the search warrant by conducting the search of the premises and seizing any and all evidence. The SOG team did not search for or seize any evidence.

While the City of Middletown Police Department was executing the search warrant, J'Min Ward stated to Police Officer Jason Beaudette, "That's it, you got me, that's crack, the crack is mine." J'Min Ward's statement was spontaneous and not made in response to any question by any member of law enforcement. Approximately 30 minutes prior to J'Min Ward's spontaneous utterance, Officer Harget had *Mirandized* J'Min Ward. At no time did any member of law enforcement make a threat or promise or use force or coercion to induce J'Min Ward to make a statement.

## CONCLUSIONS OF LAW AND DECISION

Correction officers are not police officers, they are peace officers who are without authority to "execute" search warrants (CPL §§2.10[25], 2.20, and 690.45[3]). The search warrant was sought by, addressed to, and executed by police officers of the City of Middletown Police Department.

The SOG team, though erroneously listed in the search warrant, did not execute the search warrant. The SOG team merely assisted the City of Middletown Police Department for approximately five minutes by gaining entry to the premises and securing the scene (see, for e.g.,

*People v. Charlier*, 136 AD2d 862 [3rd Dept., 1988]; *People v. Cote*, 124 AD2d 1000 [4th Dept., 1986], *lv.denied* 69 NY2d 745 [1987]; *People v. Brancato*, 101 Misc.2d 264 [1979]; *People v. Gamble*, 122 Misc.2d 960 [1984]; *People v. Boyd*, 123 Misc.2d 634 [1984], *aff'd* 127 AD2d 1013 [1st Dept., 1987], *lv. denied* 69 NY2d 877 [1987]).  The SOG team gained entry to the residence to safely secure the persons therein while the City of Middletown Police Department remained within the curtilage of the house so those officers could safely enter the residence and execute the search warrant.  All of the evidence was searched for, discovered by, and seized by police officers of the City of Middletown Police Department.  The search, discovery, and seizure all were conducted pursuant to a lawfully issued search warrant addressed to police officers of the City of Middletown Police Department.  The erroneous listing of the SOG team on the search warrant did not invalidate it.  There was "no showing of any prejudice to the defendant and no evidence of any intentional and deliberate disregard of [any] statute" (*People v. Barfield*, 151 Misc.2d 1031 [1991]).

The oral statement made by J'Min Ward was a spontaneous utterance and not made in response to any question, threat, or promise by a member of law enforcement.  The oral statement made by J'Min Ward was made after Mr. Ward had been *Mirandized*.

Based upon the facts and circumstances of this case, "and mindful of the strong preference in favor of upholding search warrants," the defendant's motion to suppress the physical evidence seized pursuant to the search warrant is denied (*People v. Graham*, 220 AD2d 769, 772 [2nd Dept., 1995] citing *People v. Hanlon*, 36 NY2d 549).

Defendant's motion to suppress the oral statement made by the defendant to Police Officer Beaudette is denied.  The defendant's oral statement was spontaneous and was made after the defendant had been *Mirandized*.

### ADJOURNED DATE

This matter is scheduled for a conference to be held on December 6, 2017 at 3:00 P.M.

The defendant, defendant's counsel, and the District Attorney are directed to be present.

The foregoing constitutes the Decision and Order of this Court.

Dated: December 6 , 2017
        Goshen, New York

ENTER

HON. CRAIG STEPHEN BROWN
COUNTY COURT JUDGE

TO:  EDWARD BRUNO, ESQ.
      Attorney for Defendant
      15 Bruyn Avenue
      P.O. Box 987
      Pine Bush, New York 12566

      ORANGE COUNTY DISTRICT ATTORNEY
      Attorney for the People
      40 Matthews Street
      Goshen, New York 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'min Ward

_____

_____

(In the space above enter the full name(s) of the plaintiff(s).)

v.

**Defendant No. 1**  Orange county

**Defendant No. 2**  ~~Craig~~ Craig Brown J.C.C

**Defendant No. 3**  _____

**Defendant No. 4**  _____

**Defendant No. 5**  _____

(In the space above enter the full name(s) of the defendant(s).  If
you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and attach
an additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  No addresses should be included here.)

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ___  No ✓
(check one)

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff     Name  J'min A Ward
              ID #  2017-01851
              Current Institution  Orange county Jail
              Address  110 Wells farm R d
                       Goshen, NY 10924

B.    List all defendants' names, positions, places of employment, and the address where each
defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1   Name _Craig Brown_   Shield # _____
Where Currently Employed _Orange County court_
Address _285 Main St_
_Goshen, NY 10924_

Defendant No. 2   Name _____   Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 3   Name _____   Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 4   Name _____   Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 5   Name _____   Shield # _____
Where Currently Employed _____
Address _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not give any legal arguments or cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _Orange County_
_Courthouse_

B.   Where in the institution did the events giving rise to your claim(s) occur? _Courtroom_

C.   What date and approximate time did the events giving rise to your claim(s) occur? _September 22 2017, appx 2:00pm,  November 14 2017, appx 3:pm December 4, 6, 7, 2017 appx 2:00 pm_

2

D.  Facts: County court Judge Craig Brown deliberately exceeded his jurisdiction causing the continuation of Petitioner's unlawful imprisonment. In violation of petitioner's 5th Amendment right to not incriminate himself, Petitioner's 14th Amendment right for "equal protection of the laws" and a legal "due process". Also the 8th Amendment right from unlawful imprisonment. CPLS 710.60(2)(a) states "the court must summarily grant a motion to suppress if the people concede to the facts which support the opposition motion." [emphasis on "Must"] After being told of this law on September 22, 2017, after the confession made by the people's response, county court Judge emphatically neglected to comply with the statutory obligation and said "I'm not doing that." Then exceeded his authority and adreed a hearing for November, 14, 2017. During the hearing not only did the D.A. fail to meet his burden of proving ~~illegality~~ legalities of the facts argued in plaintiff's motion. His two witnesses under oath conceded to the facts of the motion. On December 4, 2017, county court judge again said he was not complying with the required obligation of suppression the evidence after the concession. December 6, 2017, county court judge entered a contradictive excuse of the conceded facts and said again that he was not going to comply. And to take it up with the appellate division and court of Appeals. I then asked him to recuse himself from my case and he blatantly said "no" and that "Jury selection ~~was~~ is tomorrow!" There was no way for me to win a trial on a possession case when the illegally obtained evidence was not suppressed.

III.  Injuries: I was judicially forced to accept a guilty plea so I would not be exposed to a higher sentence. My motion to suppress was granted as the CPL required. If you sustained injuries related to the events alleged above, describe them and state what medical case would of been dismissed. treatment, if any, you required and received. Battered ego, defamation of character, loss of time with family, missing holidays and birthdays, depression from the abuse of power, and making the system corrupt. A warrant is not valid by what is found and the deliberate violation of that doctrine has me ~~toosi~~ losing sleep. My only treatment is to read my bible and the Gilbert's Law Book. Copies of motions included, everything else is on the record requesting all minutes from dated appearances.

IV.  **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes _✓_  No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Confined in orange county Jail, but Was in courthouse for orange county shackled arms and feet during these events_

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓   No ____   Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ✓   Do Not Know ____

If YES, which claim(s)? _____

D.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____   No ✓   Do Not Know ____

If YES, which claim(s)? _____

E.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ✓

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ✓

F.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

1.    Which claim(s) in this complaint did you grieve? _____
_____

2.    What was the result, if any? _____
_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____
_____
_____
_____
_____

G.   If you did not file a grievance, did you inform any officials of your claim(s)?

Yes _____ No __✓__ only informed Judge.

1.   If YES, whom did you inform and when did you inform them? _____

_____

_____

2.   If NO, why not? Claims arose at the county courthouse while in custody of the county correctional officers.

_____

I.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   Relief:

State what you want the court to do for you. Remind orange county court Judge Craig Brown of his Neutral and detached Civil requirement to cases in front of him. Explain to him that no Judge has the right to deny any citizen his constitutional right of a fair and legal due process and equal protection of the law. Nor do they have the right to unlawfully imprison a citizen because the Judge does not himself want to comply with the Statutary requirements of the law. and for the county to pay a monetary relief of $1,000,000 to me for allowing him to violate my constitutional rights and having total disregard for stripping me of my freedom and civil liberties and $1,000 for everyday I'm away from my family, due to his disregard to my obligated right for suppression of the evidence requested under CPL§710.60(2)(a)

VI.   Previous lawsuits:

On these claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No __✓__

B.    If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition _____

    7.    What was the result of the case?  (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

D.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____    No _____

> On other claims

E.    If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to this previous lawsuit:

Plaintiff _Jmin A. Ward_

Defendants _City of Middletown et al, County of Orange et al_

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _17-CV-5248 (NSR)_

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit: _8-31-2017_

    6.    Is the case still pending?  Yes _✓_  No _____

If NO, give the approximate date of disposition _____

    7.    What was the result of the case?  (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

Southern District of New York

## PRISONER AUTHORIZATION

Mailed to Plaintiff by the Court this date: _____

RE: _T'min A Ward_____ v. _Orange County et al Craig Brown_

NOTICE IS HEREBY GIVEN THAT THIS ACTION WILL BE DISMISSED UNLESS PLAINTIFF COMPLETES AND RETURNS THIS AUTHORIZATION FORM TO THIS COURT WITHIN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS NOTICE.

On April 26, 1996, the Prison Litigation reform Act ("PLRA" or "Act") was signed into law. This Act amends the *in forma pauperis* statute (28 U.S.C. § 1915) and applies to your case. Under these amendments, you are required to pay the full filing fee when bringing a civil action if you are currently incarcerated or detained in any facility. If you do not have sufficient funds in your prison account at the time your action is filed, the Court must assess and collect payments until the entire filing fee of $150 has been paid, no matter what the outcome of the action.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
SIGN AND DATE THE FOLLOWING AUTHORIZATION:

I, _T'min A Ward_____, request and authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Southern District of New York, a certified copy of my prison account statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the Southern District of New York. This authorization shall apply to any agency into whose custody I may be transferred.

I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $150 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED.

_____          _12-8-17_____
Signature of Plaintiff                 Date Signed

N.Y.S.I.D. # _____

Local Prison I.D. # _2017-01851____

Federal B.O.P. I.D. # _____

Signed this __8__ day of __December__, 20__17__ I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff _____
Inmate Number  2017 - 01851
Mailing address  110 Wells Farm Rd
Goshen, NY 10924

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this __8__ day of __December__, 20__17__, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

rev. 09/04

 COPY

# SEARCH WARRANT

CITY OF MIDDLETOWN)
COUNTY OF ORANGE)    SS
STATE OF NEW YORK)    CITY OF MIDDLETOWN CITY COURT
HONORABLE JUDGE BROCKETT, ISSUING JUDGE    [Pursuant to Section 690 of the C.P.L.]

*TO ANY POLICE OFFICER OF THE CITY OF MIDDLETOWN POLICE DEPARTMENT, ANY POLICE OFFICER, ANY MEMBER OF THE ORANGE COUNTY SHERIFF'S OFFICE SPECIAL OPERATIONS GROUP, AND THE NEW YORK STATE POLICE:*
YOU ARE HEREBY AUTHORIZED AND DIRECTED TO SEARCH FOR AND SEIZE THE FOLLOWING PROPERTY:

Controlled Substances in violation of sections 220.00 of the New York State Penal Law and any evidence that tends to demonstrate that a drug related offense was committed or that a particular person participated in the commission of such offense, to include written records, books and computer records tending to show sale and trafficking of controlled substances and money showing profits from the sale of controlled substances, safe deposit box records and keys, records, ledgers, notes or other writings reflecting deposit, withdrawal, investment, custody or location of money, real property, personal property or other financial transactions, records, ledgers notes or other writing reflecting ownership of said property, records reflecting the names, addresses and telephone numbers of persons from whom controlled substances are purchased and sold, including but not limited to, address and telephone books, including those contained in cellular telephones or Personal Data Assistants and telephone bills; all records ledgers, notes or other writings reflecting income earned and reported to the Internal Revenue Service or other taxing agencies; Authorize the analysis and seizure of any safes, lock boxes, briefcases or any like containers used for storage, pagers, scanners, video surveillance equipment and cellular phones and other mobile communication devices; indicia of occupancy, residency and/or ownership of the described premises, including but not limited to, utility and telephone bills, canceled envelopes, keys, deeds and mortgages; photographs and video tapes that depict individuals involved in controlled substance violations and/or photographs to assist in helping identify drug traffickers and their associates including undeveloped rolls of film and disposable cameras; also any firearms, illegal weapons and ammunition found therein, pursuant to Section 690.10.(2)(3)(4) of the New York State Criminal Procedure Law.

YOU ARE THEREFORE COMMANDED AT ANYTIME OF THE DAY OR NIGHT, TO SEARCH THE FOLLOWING PREMISE, PERSON(S) AND VEHICLES:

**PREMISES: 41 WOODLAKE DRIVE, CITY OF MIDDLETOWN, COUNTY OF ORANGE, STATE OF NEW YORK**, Which is located on Woodlake Drive between Brickpond Road and Phillips Street in the Spring Hollow condominium complex in the City of Middletown. The structure is a single-family residence with two main floors and an attic area. The structure is yellow in color with a gray roof. The front door of the premises is white in color. There is a "41" affixed to the house, to the left of the front entrance door. The search warrant is to include the entire dwelling and its curtilage, including any storage areas, sheds, and/or garages associated with the target premises. See attached photograph of the exterior of the target premises in exhibit "A."

**THE PERSON(s) DESCRIBED AS:** *Target #1-* A black male who was identified as Jmin A. Ward having a date of birth of April 26, 1981. Target #1 is further identified as a male approximately 5'09" who weighs approximately 240 pounds. Target #1 has a Social Security number of 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, a NYSID number of 08928006H as well as a NY DLIC #506206993.

**VEHICLE:** A White 2011 Ford Explorer bearing NYS Registration GJW1257, Vehicle Identification Number: 1FMHK8F83BGA74804.

THIS COURT HEREBY DETERMINES THAT ADEQUATE GROUNDS EXIST FOR AUTHORIZING THE EXECUTING OFFICERS TO ENTER INTO SAID PREMISES AT ANYTIME OF THE DAY OR NIGHT. SAID PREMISES TO BE SEARCHED WITHOUT GIVING NOTICE OF HIS AUTHORITY AND PURPOSE AND, IF YOU FIND ANY SUCH PROPERTY OR ANY PART THEREOF, A SEARCH WARRANT RETURN IS TO BE MADE TO ME, LISTING AND IDENTIFYING THE PROPERTY SEIZED, WHICH I FURTHER DIRECT BE SAFEGUARDED BY YOUR DEPARTMENT. ANY AND ALL SUBJECTS LOCATED INSIDE THE TARGET RESIDENCE CAN BE DETAINED AND HELD UNTIL COMPLETION OF THE EXECUTION OF THIS SEARCH WARRANT.

Dated in the City of Middletown, New York
This 18th day of April, 2017 at 9:05am

_____ City Court Judge

ORANGE COUNTY COURT
STATE OF NEW YORK: COUNTY OF ORANGE
------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

                    -against-

J'min Ward

                              Defendant.
------------------------------------------------------------------X

**POST-HEARING**
**ARGUMENTS**

Indictment No. 2017-325
Hon. Craig Brown


## PROCEDURAL BACKGROUND

I represent defendant, J'MIN WARD, in connection with Indictment No. 2017-325.

Pursuant to Article 710, defendant filed a motion arguing, among other things, that the procedural requirements of Article 690 where not complied with, specifically that the subject search warrant was issued to and executed by corrections officers. Moreover, the lower court Judge exceeded his jurisdiction in issuing a warrant to corrections officers.

The People, in their response, conceded that the warrant was addressed to Orange County Sheriff's Special Operations Group ("SOG") and that SOG consisted of corrections officers. (See Healy Affirmation, dated August 4, 2017, page 3, paragraph 9). The warrant was obtained by Middletown Police Officer Eric Hargett, who included SOG, ie. corrections officers, on the warrant.

Defendant contends that the warrant is defective on its face, and that the People have conceded the facts relevant to that argument. Article 710, CPL §710.60(2)(a) states that the Court must summarily grant the motion if the People concede to the truth of the allegations of

fact which support the motion. Despite the concession with respect to the facts, the Court, pursuant to CPL 710.60 (4), ordered that a hearing be conducted with respect to the listing of SOG on the search warrant and SOG's role, if any.

On November 14, 2017, the hearing was conducted.

## RELEVANT FACTS FROM THE HEARING

The relevant facts from the hearing are as follows:

- SOG was on the warrant prepared by and obtained by Officer Hargett;

- SOG consist of Corrections Officers;

- Neither officer who testified at the hearing could state who from SOG was present, or what they did while in the residence;

- SOG initially enters the residence without the Middletown Police, while the Middletown Police remained on the perimeter;

- SOG remained inside the residence without the Middletown Police for approximately 5 minutes;

- When SOG exited the residence, they advised Middletown Police that the premises were secured and the occupants were zip tied;

- Securing the property would include searching for weapons.

## ARGUMENT

The lower Court Judge issued a hyper-intrusive, no notice, anytime of day or night search warrant. The prosecution bears the burden of showing legality, ie. that the warrant was legal and

The People concede that the warrant, on its face, is issued to corrections officers, and as written, could be executed by corrections officers. A search warrant must be addressed to a police officer. (CPL §§690.05 and 690.25)  However, police officers may have the assistance of others. People v. Gamble, 122 Misc.2d 960, 472 N.Y.S.2d 580 (Supreme Ct, Bronx Cty, 1984). In Gamble, the warrant was issued to a police officer for the search of the cell of defendant, who was at Rikers Island. The police officer was advised that he could not enter the cell, but could observe the Deputy Warden retrieve the items from the cell, while the police officer watched from outside the cell. Defendant argued that since the Deputy Warden was not listed on the warrant, he did not have the authority to search the defendant's cell, and that the warrant should have been modified to include the warden. The Court held that such an argument "betrays the flaw in his position", since a search warrant must be addressed to a police officer, citing CPL §§690.05 and 690.25. People v. Gamble, supra.  In Gamble, the Court went on to say that a police officer, to whom the warrant is addressed, need not deny himself the assistance of others to whom the warrant is not addressed. People v. Gamble, supra.  In this case, SOG were actually addressed in the warrant, and that is what makes the warrant illegal.

The fact that the correctional officers were included in the warrant and authorized to execute the warrant, overcomes the argument that they were merely assisting. The way the warrant is worded, any one of the agencies listed could have executed the warrant, including corrections officers. That is what violates CPL Article 690, which can not be more clear in requiring that search warrants be issued to police officers.

Although the search warrant was applied for by a police officer, the absence of authority may not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of an unauthorized entity or agency. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). While a police officer has the authority to apply for a search warrant in pursuance of his duties as a police officer, he does not have such power to obtain a warrant for an agency or entity that is not authorized, such as a corrections officer. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978) and People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990).

If SOG did not consists of corrections officers, as in People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990), then the search warrant would be legal. In Martin, the defendant moved to controvert the search warrant and suppress the evidence obtained because the search warrant was issued to "Det. Sgt. Carl Draiss of the Dutchess County Drug Task Force," which did not come into existence until after the issuance of the warrant. However, since Det. Sgt. Carl Draiss was a sworn police officer of the Town of Poughkeepsie Police Department, and he executed the search warrant, there was no violation of CPL §690.05 or CPL §690.25. If Det. Sgt. Carl Draiss was not a police officer, the search warrant would have been illegal. Similarly, since SOG consists of non-police officers, ie. corrections officers, the search warrant is illegal, and the evidence should be suppressed.

See also, People v. Pearson, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2d Dept. 1992), where a warrant was held to be valid when issued to a task force, since all of the members of the task force were police officers from participating municipalities. Again, SOG consist of corrections officers.

## APPLICABLE LAW

Excess of jurisdiction is when a body or officer acts or threatens to act either without jurisdiction or in excess of its authorized powers. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). CPL §§690.05 and 690.25 does not authorize a search warrant to anyone other than a police officer. The Court must construe statutory language literally where it expresses the evident intent of the legislature. (McKinney's Construction of Laws of NY, Book 1, Statutes §94 chapter 6, p. 19.) Statutory language is to be read in accordance with its ordinary and accepted meaning. (McKinney's Construction of Laws of NY, Book 1, Statutes §94 chapter 6, p. 26.)

Compliance with the statute is even more important when the warrant allows for execution any time of day or night, and allows entry by the executing police officer without giving notice. CPL 690.45(7) authorizes the executing "police officer" to enter the premises without notice. In this case, the police officers are not even the ones who made the initial entry. Instead, SOG entered, while the Middletown Police remained on the perimeter.

Corrections officers are defined as "peace officers." CPL §2.10(25). Peace officers powers are listed under CPL §2.20, and does not include executing search warrants. Instead, a peace officer is permitted to carry out warrantless searches whenever such searches are constitutionally permissible and while acting pursuant to their special duties. CPL §2.20(1)( c). Clearly, whether intentionally or inadvertently, the lower court Judge and Officer Hargett exceeded their authority by having a no notice, no knock, anytime day or night, warrant issued to corrections officers whose statutory powers do not permit executing search warrants. The search

warrant in this case violates CPL §§2.10(25), 2.20(1)( c), 690.05, 690.25, 690.45(6), 690.45(7), and 690.50.

CPL §690.50 through all of its subdivisions, discusses what a "police officer" can and can not do when executing a warrant, including entry by a "police officer" without notice when the warrant permits same. CPL §690.50(2).

The lower Court and the Middletown Police exceeded their respective jurisdiction by having a warrant issued to corrections officers. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978).

It is the duty of the issuing Judge to determine who the warrant is issued and authorized to, and not to serve as a rubber stamp for law enforcement. People v. Hanlon, 36 N.Y.2d 549, 369 N.Y.S.2d 677 (1985).

The People contended in their answering papers that listing SOG on the search warrant was merely a "ministerial" error. That is simply not supported by the testimony at the hearing. Officer Hargett listed SOG because SOG was going to be an active participant in the execution of the warrant, and he did not know they were corrections officers. The case cited by the People, People v. Barfield, 151 Misc.2d 1031, 574 N.Y.S.2d 503 (Suffolk Cty Ct, 1991), is distinguishable, since the warrant in that case was issued to the Suffolk County Police Department, but executed by the New York State Police. Both entities were police officers who had jurisdiction. SOG consists of corrections officers, who do not have jurisdiction to execute warrants.

## CONCLUSION

There is no factual dispute that SOG was included on the warrant, and that SOG consists of correction officers. This was conceded in the People's answering papers on this motion. Officer Hargett and Officer Beaudette both testified that SOG participated in executing the warrant, and in fact, were the ones who made entry into the home, while Middletown Police waited on the perimeter. SOG broke in the door, and remained inside for approximately five minutes.

There is case law in New York State supporting the position that non-police officers who are not addressed in a warrant can, under certain circumstances, assist police officers who are addressed in a search warrant. That argument fails in this case, since this warrant was actually addressed to non-police officers. Any member of SOG could have executed this warrant on their own, and that includes correction officers. CPL Article 690 does not permit the issuance of search warrants to anyone other than a police officer.

As such, the lower court Judge and the police officer who obtained the warrant exceeded their jurisdiction. That makes the warrant illegal. Any evidence obtained pursuant to the warrant must be suppressed.

WHEREFORE, defendant requests that all evidence obtained pursuant to the search warrant be suppressed.

Dated: November 21, 2017
Pine Bush, NY

EDWARD C. BRUNO, ESQ.

EDWARD C. BRUNO, ESQ., P.C.
*Attorney for Defendant, J'Min Ward*
15 Bruyn Ave.– PO Box 987
Pine Bush, NY 12566
Tel (845) 361- 3671

ORANGE COUNTY COURT
STATE OF NEW YORK:  COUNTY OF ORANGE
------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

              -against-

J'Min Ward

                     Defendant.
------------------------------------------------------------------X

Indictment No. 2017-325
Hon. Craig Brown


## SECOND SUPPLEMENTAL AFFIRMATION IN SUPPORT OF OMNIBUS MOTION


EDWARD C. BRUNO, ESQ., P.C.
ATTORNEY AT LAW
P.O. BOX 987
15 BRUYN AVENUE
PINE BUSH, NEW YORK 12566
Tele. No.  (845) 361-3671
Fax No. (845) 361-9988
*SERVICE BY FAX NOT ACCEPTED*

ORANGE COUNTY COURT
STATE OF NEW YORK: COUNTY OF ORANGE
-------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

**SECOND
SUPPLEMENTAL
AFFIRMATION**

        -against-

J'min Ward

Indictment No. 2017-325
Hon. Craig Brown

               Defendant.
-------------------------------------------------------------X

     EDWARD C. BRUNO, ESQ., being duly admitted to practice law in the State of

New York, does hereby affirm to be true under penalty of perjury the following allegations:

1.      I am the Attorney of Record for the defendant herein and I am fully familiar with

the facts and circumstances of this case.  This affirmation is submitted in further support

of the Omnibus Motion filed by prior counsel, Joseph P. Brown.

2.      Unless otherwise specified, all allegations made in this affirmation are made upon

information and belief, and are based upon inspection of the record in this case,

information secured from Voluntary Disclosure provided by the District Attorney's

office, and from conversation with defendant.

3.      This Affirmation is submitted to provide additional arguments to controvert the

search warrant.

4.      The evidence obtained pursuant to the search warrant in this case should be

suppressed, as the search warrant was issued in violation of CPL §690.05, CPL §690.25,

CPL §690.35, the 4th Amendment of the United States Constitution, the New York

Constitution, the 5th Amendment of the United States Constitution and the 14th Amendment of the United States Constitution of the defendants' rights.

5.      CPL §710.60 (1), A motion made before trial must state the ground or grounds of motion and must contain sworn allegations of fact. CPL §710.60 (2)(a), the court must summarily grant the motion if (a) The motion papers comply with requirements of subdivision one and the people concede the truth of allegations of fact therein which support the motion.

6.      The search warrant in this case was applied for by Eric J. Harget of the City of Middletown Police Department, who, as a police office, is a public servant of the kind specified in CPL §690.05.

7.      However, Eric J. Harget exceeded his authority as a police officer, obtaining the search warrant and Middletown City Court Judge, Stephen Brockett, exceeded his authority in issuing the search warrant and the evidence obtained was unconstitutional making it fruit from a poisonous tree.

8.      The 4th Amendment and New York Constitution guarantees protection against unlawful searches. The 5th Amendment prohibits depriving a person of Liberty without due process of Law, and the 14th Amendment prohibits depriving any person of their natural rights of the pursuit of happiness, equal rights and the equal protection of the laws guaranteed by the United States Constitution.

9.      CPL §690.05 (2) and CPL §690.25 require that a search warrant be issued and addressed only to a police officer.

10.     The search warrant in this case was issued:

   To any police officer of the City of Middletown Police Department, any police officer, any member of the Orange County Sheriff's Office Special Operations Group, and the New York State Police.

11.     Judge Brockett exceeded his jurisdiction and authority when he issued and addressed a warrant directed to "ANY member" of the Orange County Sheriffs' Office Special Operations Group (SOG). Police Officer Eric J. Harget exceeded his authority and Jurisdiction when he obtained the search warrant on behalf of "ANY member" of the Orange County Sheriff's Office Special Operations Group (SOG), who ultimately participated in the execution of the warrant. SOG has members who are not police officers, many members are correctional officers. Judge Brockett violated CPL §690.05 and CPL §690.25. Judge Brockett and Police Officer Eric J. Harget both violated defendants United States Constitutional 4th, 5th and 14th Amendments.

12.     A search warrant is a court order and process directing a police officer only to conduct a search. CPL §690.05(2). A search warrant must only be addressed to a police officer. CPL §690.25.

13.     SOG consist of correctional officers who work in the Orange County Jail, and whose duties are to maintain control and safety within the facility. Correctional Officers at the Orange County Jail are not police officers as defined in CPL §1.20(34). Instead,

Correctional Officers are peace officers as defined in CPL §2.10(25), and as such, are not permitted to apply for or execute search warrants pursuant to CPL §2.20(c).

14.        It was improper for Middletown Police Officer Eric J. Harget to obtain the said warrant on behalf of "Any" member of the Orange County Sheriff's Office Special Operations Group (SOG). Judge Brockett improperly issued and addressed the warrant to "Any" member of the Orange County Sheriff's Office Special Operations Group (SOG), both exceeding authority and Jurisdiction.

15.        Although the search warrant was applied for by a police officer, the absence of authority may not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of a task force. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978). While a police officer has the authority to apply for a search warrant in pursuance of his duties as a police officer, he does not have such power to obtain a warrant for a task force. B.T Prod v. Barr, 376 N.E.2d 171, 44 N.Y.2d 226, 405 N.Y.S.2d 9 (1978) and People v. Martin, 163 A.D.2d 536, 558 N.Y.S.2d 192 (2d Dept. 1990).

16.        In this case, a Middletown Police Officer applied for a warrant which was ultimately issued, in part, to SOG, which consist of individual who are not police officers (Sgt. Kamar, Sgt. Berlinski, C.O Greer, C.O Shannolly, C.O Dasenta and many more).

17.     There is nothing on the face of the warrant limiting or preventing SOG from executing the within search warrant. As such, the warrant is illegal and unconstitutional, and any evidence obtained must be suppressed.

18.     A gross abuse of power on its face and in effect may be in reality so serious an excess of power incontrovertibly justifying and requiring correction. LA Rocca v. Lane. 47 A.D.2d 243, 366 N.Y.S.2d 456, 376 N.Y.S.2d 93 (2nd Dept.). LA Rocca did not pertain to a search warrant, however, it did pertain to an excess of authority and Jurisdiction.

19.     The warrant should not have been issued and addressed to "Any" member of the Orange County Sheriff's Special Operations Group (SOG), as members are correctional officers, not police officers. The search warrant herein was issued to SOG and authorized SOG to execute the warrant. There is nothing in the search warrant limiting the power of SOG to merely assist in the execution. As written, this search warrant permitted correctional officers to execute the search warrant without limitation, in clear violation of CPL §690.05, CPL §690.25 and CPL §2.20(c).

20.     Although CPL §690.05 does not authorize the issuance of a warrant directly to other than a police officer it does not prohibit the attendance of those having special training and ability. People v. Northrop 410 N.Y.S.2d 32 (2nd Dept.). The warrant in question was clearly issued to "Any" member of the Orange County Sheriff's Office (SOG) in violation of CPL §690.05, but the fact of attendance of the SOG which

consisted of correctional officers pursuant to CPL §2.10(25) was in clear violation of CPL §2.20(c) powers of peace officers: (c) to carry out warrantless searches. Peace officers are not authorized to attend or execute search and seizure warrants, to which the peace officers also exceeded their power and Jurisdiction in violation of defendant's United States Constitutional rights, Amendments (14), (5), (4), and corresponding New York State Constitutional Art 1§12.

21.     The injection of "Any" member of the Orange County Sheriff's Office on warrant in question by Middletown Police Officer Eric J, Harget and the issuance of said warrant addressed to "Any" member of the SOG by Judge Brockett although in violation of defendants' rights, was no accident. CPL §690.40 mandates that warrant be read back to the Judge. Suppression court must find that there was substantial compliance with CPL §690.40 in order to provide an "assurance of regularity of the application process…and…preservation for appellate review of the grounds upon which as search warrant is issued". People v. Serrano, 688 N.Y.S.2d 90 (1999) "…reviewing court must still insist magistrate perform his neutral and detached function and not serve as merely a rubber stamp for police". People v. Hanlon, 369 N.Y.S.2d 677 (2nd Dept.) Judge Brockett improperly issued warrant to peace officers.

22.     Police officer Eric J, Harget improperly placed any member of Orange County Sheriff's Officer (SOG) on warrant in question. Peace Officers pursuant to CPL §2.10 (25) are not authorized pursuant to CPL §2.20(c) to obtain warrants. "The courts must be vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods. Constitutional

provisions for the security of person and property are to be liberally construed, and it is the duty of the courts to be watchful for the constitutional rights of the citizen against any stealthy encroachment thereon" Boyd v. United States. 116 U.S.616.635, 6.S.ct 524-535, 29 L. Ed 746. Officer J. Harget exceeded his authority.

23.      "We find that since the Task Force members are "police officers" from participating municipalities they had the authority to secure a warrant..." People v. Pearson, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2nd Dept. 1992) and People v. Martin, 163 A.D.2d 536 (2nd Dept. 1990). "Having determined that members of the Dutchess County Drug Task Force had the authority..." the issue raised that they didn't must fail. People v. Pearson, 179 A.D.2d 786, 579 N.Y.S.2d 150 (2nd Dept. 1992).

24.      Members of the Orange County Sheriff's Office Special Operations Group (SOG) is made up of peace officers pursuant to CPL §2.10(25). Correctional officers of Orange County Correctional Facility (Sgt. Kamar, Sgt. Berlinski, C.O Greer, C.O Shannolly, C.O Dasenta and many more). CPL §2.20, powers of peace officers does not authorize the issuance of warrants to peace officers. "The absence of authority many not be overcome by the simple stratagem of using a police officer to obtain a warrant on behalf of a task force. B.T. Prod v. Barr, 376 N.E.2d 171, 44 NY2d 226, 405 N.Y.S.2d 9 and People v. Martin. 163 A.D.2d 536, 558 N.Y.S.2d 192 (2nd Dept.).

25.      Having determined through CPL §2.10(25) and CPL §2.20 that peace officers are not authorized to obtain warrant, be issued a warrant, nor addressed in a warrant. Judge Brockett and Middletown Police officer Eric J. Harget exceeded their authority and

Jurisdiction pursuant to CPL §690.35, CPL §690.05 and CPL §690.25 in violation of defendants' rights.

26.     "To eliminate or minimize the concept of an excess of power, on presumed verbalistic grounds, would undermine a common-law principle of ancient stadium and the continuous statutory statement of that principle". LA Rocca v. Lane, 37 N.Y.2d 581, 376 N.Y.S.2d 99, 338 N.E.2d 611.

27.     Defendants right to unlawful search and seizure protected in the 4th Amendment and corresponding N.Y.S constitution Art 1. §12 was violated.

28.     Defendants right to due process of law protected in the 5th Amendment of the United States Constitution was violated.

29.     The right to equal protection of the laws protected by the 14th Amendment was also violated due to the unlawful practices of Judge Brockett and Middletown Police Officer Eric J. Harget.

30.     Any evidence obtained through an unlawful and unconstitutional warrant should be suppressed. "All evidence obtained unconstitutionally is inadmissible in State courts" Mapp v. Ohio.

31.     "A search prosecuted in violation of the Constitution is not made lawful by what it brings to light and that doctrine has never been recognized by this court, nor can it be

tolerated under our Constitutional system that evidence of an unlawful search can be prosecuted". Byar v. United States.

32.        Orange County Sheriff's Office Special Operations Group (SOG) consist of peace officers employed at the Orange County Jail, 110 Wells Farm Road, Goshen New York, 10924 where the defendant is being detained. CPL§2.20 prohibits peace officers from being issued, or addressed in a warrant, nor does it authorize the obtainment or execution of a warrant.  CPL §690.05 and CPL §690.25 does not authorize the issuance of a warrant to other than a police officer and a warrant must be addressed directly to a police officer.

33.        Middletown police and SOG executed a hyper intrusive "no-knock" "anytime" search warrant. The search warrant in question fails to meet above CPL requirements and Constitutional requirements, making said search warrant unlawful and unconstitutional, and any evidence obtained must be suppressed.

        The basis the judge issued the hyper intrusive no knock anytime warrant was merely on the hearsay information relayed by Officer Eric J. Harget #1237, of a confidential informant who initiated the investigation however did not give a written nor oral statement.

34.        Upon information sworn to issuing judge, confidential informant told investigating officers, defendant was engaged in criminal activities, but never gave basis of their knowledge.

35.     Pursuant to Spinelli v. United States, 393 U.S. 410, and Aguillar v. Texas, 378 U.S. 108, explanation provided by an informant may not be used unless the source of his knowledge is revealed.

36.     The officer was also sworn and said a confidential informant initiated the participation of the alleged criminal activity on three prior occasions. Application lacked statement from confidential informant both written and oral to collaborate the allegations.

37.     These allegations of criminal activity by the defendant that were alleged and initiated by the confidential informant were the basis of the probable cause for the issuance of the search warrant.

38.     Confidential informant was never brought before the Court to verify their existence, their information, nor the credibility of the officer. People v. Darden, 34 N.Y. 2d 177, 356, N.Y.S. 2d 582.

39.     Information obtained from confidential informant necessary to establish probable cause, police must make informant available for an examination of issuing Judge.

40.     Without statement from confidential informant, who's actions were the basis for probable cause for issuance of warrant did not comply with statutory requirements that testimony taken in determining whether to issue search warrant must be reported or summarized on record pursuant to CPL §690.40 makes search warrant insufficient to establish probable cause.

41.     Search warrants are in derogation of common law and statues pertaining to their issuance are strictly construed. People v. Prisco, 232 N.Y.S. 2d 837, 36 Misc. 2d 357.

42.     Reviewing court must still insist magistrate performed his neutral and detached function and not serve as merely a rubber stamp for police. People v. Hanlon, 369 N.Y.S. 2d 677 (2nd dept.).

43.     Warrant did not meet the requirements of Aguillar, Spinelli and Darden. Issuing Judge did not comply with the statutes and common law pertaining to the issuance of the warrant making search and seizure illegal and unreasonable in violation of United States Constitutional 4th Amendment, 14th Amendment and NYS Constitution Art.1§12.

44.     Evidence obtained through an illegal search in violation of the 4th Amendment of the Federal Constitution was held inadmissible in state court proceedings by reason of the due process clause of the 14th Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S. CT 1684 all evidence ought to be suppressed.

45.     A search prosecuted in violation of the Constitution is not made lawful by what it brings to light and that doctrine has never been recognized by this court nor can it be tolerated under our Constitutional system Byar v. United States.

## RELEASE OF VEHICLE SEIZED

46.     Middletown Police Department and Orange County Sheriff's Office Special Operations Group (SOG), exceeded their jurisdiction and authority seizing unauthorized property not specified in the warrant application or warrant itself. Middletown Police Department covered up the seizure of property with a falsifying 13-a forfeiture "instrumentality of a crime" proceeding. Further exceeding jurisdiction and authority by seizing property pertaining to a 13-a proceeding and not going through the proper requisites

WHEREFORE, defendant requests that the relief requested in the Omnibus

Motion be granted, all evidence obtained pursuant to the search warrant be suppressed, and that

the vehicle be released to its owner.

EDWARD C. BRUNO, ESQ
EDWARD C. BRUNO, ESQ., P.C.
15 Bruyn Ave.
Pine Bush, NY 12566
Tel (845) 361- 3671
Fax (845) 361- 9988

COUNTY COURT : COUNTY OF ORANGE
STATE OF NEW YORK
------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

               - against -                             AFFIRMATION IN RESPONSE

JMIN WARD,                                      IND. #2017-325

                                 Defendant.
------------------------------------------------------X

      MATTHEW E. HEALY, an attorney duly admitted to practice law in the Courts of the State of New York, submits this affirmation under the penalties of perjury pursuant to CPLR Section 2106:

      1.      I am a duly appointed Senior Assistant District Attorney of and for Orange County, New York, and I submit this Affirmation in response to the defendant's Pre-Trial Omnibus Motion in the above-captioned matter which was returnable on June 26, 2017 as filed by Joseph Brown, Esq., however, new defense counsel Edward Bruno has filed supplemental motions.

      2.      The defendant was indicted in a Finding filed by the Orange County Grand Jury on May 22, 2017, Indictment #2017-325, and charged with the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, in violation of the provisions of Section 220.21, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, in violation of the provisions of Section 220.16, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF MARIHUANA IN THE SECOND DEGREE, in violation of the provisions of Section 221.25 of the Penal Law of the State of New York and CRIMINALLY USING DRUG PARAPHERNALIA IN THE SECOND DEGREE (2 counts), in violation of the provisions of Section 220.50, Subdivisions 2 and 3, of the Penal Law of the State of New York. A copy of the Indictment is provided herewith to the Court. The defendant was arraigned before the Honorable Craig Stephen Brown, County Court Judge, on May 23, 2017, and entered a plea of not guilty through his attorney Joseph Brown, Esq. Bail was set on these charges, and the

in camera review.  After a review of the four corners of the documents, the People are confident that the Court will find that the warrant properly issued upon probable cause.

8.      The People hereby deny the defense counsel's allegations regarding the search warrant and its application, and submit that defense counsel's motion for suppression and for a hearing on such matter should be denied except the People would consent to a hearing on a ministerial error in listing the sog team on the warrant.

9.      The People respectfully disagree with defense counsel that the search warrant is defective because the sog team is listed.  The warrant was applied for and the affiant is a narcotics officer, P.O. Eric Harget from the City of Middletown Police Department who investigated this case.  The People submit that P.O. Eric Harget made a ministerial mistake in that he believed the Orange County Sheriff's Officer sog team was made up of police officers, Deputy Sheriffs from the Orange County Sheriff's Office.  Even I was not aware that was the case until I called Lt. Paul Arteta after I received this motion.  Also, members is a term of art meaning police officers, for example, a search warrant which states members of the State Police means police officers because the New York State Police have many civilians also working for them.  Members being an art term meaning only police officers.

10.     The Orange County Sheriff's Office Sog Unit is made up of both police officers and corrections officers.  Their role in the warrant was a security role.  The actual search was conducted by the City of Middletown narcotics Unit and all evidence was found by them and taken into their custody.  Therefore, it is the People's position the warrant was issued to an investigating police officer and executed by police officers and all the evidence found was kept by police officers being the City of Middletown Police.

11.     The People also contend there was no prejudice to the defendant in this case because the City of Middletown police found all of the illegal items and had conducted the investigation.  See People v. Barfield, 574 N.Y.S2d 503 (attached).

(c)     The People further demand reciprocal discovery of any item voluntarily provided herein (People v. Copicotto, 50 N.Y.2d 222).

## STATEMENT OF READINESS

PLEASE TAKE NOTICE THAT THE PEOPLE ARE IN ALL RESPECTS READY FOR TRIAL IN THE ABOVE-CAPTIONED MATTER.

## DEMAND FOR NOTICE OF ALIBI

PLEASE TAKE NOTICE, that the People pursuant to CPL §250.20 demand the defense serve, within eight (8) days of service hereof, upon the undersigned a Notice of Alibi reciting:

(a)     The place or places where the defendant claims to have been at the time of the commission of the crime charged, and

(b)     The names, the residential addresses, the places of employment with the addresses thereof of every alibi witness upon whom he intends to rely.

PLEASE TAKE NOTICE, that the Notice of Alibi must be served upon the undersigned if the defendant intends to offer such testimony.

PLEASE TAKE FURTHER NOTICE, that if said notice is not served as prescribed the defendant will be precluded from offering such testimony.

WHEREFORE, it is respectfully requested that the instant motion be decided in accordance with the arguments articulated above, together with such other and further relief that this Court deems just and proper.

Dated: Goshen, New York
       August 4, 2017



_____
MATTHEW E. HEALY
Senior Assistant District Attorney

5

Retail

D

C014

ER

2 98

14F July 2013
: 12.5 x 9.5

**FROM:**

# PRIORITY
## ★ MAIL ★


**UNITED STATES POSTAL SERVICE®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:** Timin Walt
Orange County Jail
110 Wells Farm Rd
Goshen NY 10924

**TO:** Pro Se Office
United States District Court
Southern district of New York
Daniel Patrick Moynihan - United States
500 Pearl Street, Room 230      Courthouse
New York, N.Y 10007

Label 228, July 2013

FOR DOMESTIC AND INTERNATIONAL USE

*10007*



**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE®**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.