UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'MIN WARD,

                Plaintiff,

-against-

ORANGE COUNTY; CRAIG BROWN J.C.C.,

                Defendants.

17-CV-9717 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in the Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff sues the County of Orange and Judge Craig Brown of the County Court, Orange County. The complaint also appears to assert at least one claim under state law – defamation of character. By order dated April 23, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

---

[1] Plaintiff filed his complaint while held in the Orange County Jail. He has since been transferred to the Clinton Correctional Facility. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the basis of his claims occurred in the County Court, Orange County, before Judge Brown on September 22, November 14, and December 4, 6, and 7, 2017, while Judge Brown was presiding over Plaintiff's criminal proceeding. (ECF No. 1, at 2-3.) Plaintiff asserts that Judge Brown "deliberately exceeded his jurisdiction[,] causing the continuation of [Plaintiff's] unlawful imprisonment." (ECF No. 1, at 3.) Plaintiff challenges Judge Brown's decisions to hold a hearing with respect to Plaintiff's motion to suppress evidence, and to ultimately deny Plaintiff's motion.[2] (*See id.*) Plaintiff also challenges Judge Brown's denial of Plaintiff's request for Judge Brown to recuse himself. (*See id.*) Plaintiff states that because "[t]here was no way for [him] to win a trial on a possession case when the illegally obtained evidence was not suppressed[,] [he] was judicially forced to accept a guilty plea so [he] would not be exposed to a higher sentence." (*Id.*)

Plaintiff requests that this Court remind Judge Brown "of his neutral and detached civil requirement to cases in front of him [sic]." (*Id.* at 5.) He also asks that this Court "explain to [Judge Brown] that no judge has the right to deny any citizen his constitutional right of a fair and legal due process [sic] and equal protection of the law[,] [n]or do[es] [a judge] have to right to unlawfully imprison a citizen." (*Id.*) Plaintiff asserts that Judge Brown "does not . . . want to

---

[2] Among other documents attached to Plaintiff's complaint is a December 6, 2017 Decision and Order of the County Court, in which Judge Brown denied Plaintiff's motion to suppress an oral statement Plaintiff had made. (ECF No. 1, at 10-14.)

2

comply with the statutory requirements of the law." (*Id.*) Plaintiff also seeks monetary damages. (*Id.*)

## DISCUSSION

**A.     Judicial immunity**

Judges are absolutely immune from suit for damages with respect to claims under 42 U.S.C. § 1983 for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But a judge who is merely acting *in excess of his jurisdiction* is immune from suit. *See Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978)). This is because "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356.

The United States Supreme Court has specifically held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts

3

are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 355-56 (internal quotation marks, citation, and footnote omitted). Under New York State law, a "County Court falls within the category of 'Superior Court.' Superior Courts have trial jurisdiction over felonies, misdemeanors, and petty offenses and have discretion to sit as local criminal courts for the purpose of conducting arraignments." *Shanks v. Otsego Cnty. N.Y.*, 6:17-CV-0719, 2017 WL 4220463, at *5 (N.D.N.Y. July 24, 2017) (citing N.Y. Crim. Proc. Law §§ 10.10(2), 10.20(1), (3)), *report & recommendation adopted sub nom.*, *Shanks v. Burns*, 2017 WL 4221070 (N.D.N.Y. Sept. 21, 2017).

Plaintiff asserts that Judge Brown exceeded his jurisdiction when he decided to hold a hearing on, and subsequently denied, Plaintiff's motion to suppress evidence, and when he denied Plaintiff's request for his recusal from Plaintiff's then-ongoing criminal proceeding. (*See* ECF No. 1, at 3.) But it is clear that Judge Brown was well within his authority to make those rulings. Judge Brown is thus immune from suit with respect to Plaintiff's § 1983 claims against him; even if Judge Brown did exceed his jurisdiction, he would still be immune from suit. The Court therefore dismisses Plaintiff's § 1983 claims against Judge Brown as frivolous and for seeking monetary relief from a defendant who is immune to that relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[3]

---

[3] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief in this action. This is so because, as Plaintiff alleges

B.    **County of Orange**

When a plaintiff sues a municipality, like the County of Orange, under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the deprivation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts showing that a policy, custom, or practice of the County of Orange caused a deprivation of his federally protected rights. The Court dismisses Plaintiff's § 1983 claims against the County of Orange without prejudice.[4]

---

Judge Brown stated, Plaintiff can always appeal Judge Brown's rulings in the state appellate courts. (ECF No. 1, at 3) (Plaintiff alleges that Judge Brown told Plaintiff to "take it up with the Appellate Division" with respect to Judge Brown's denial of Plaintiff's motion to suppress evidence); *see, e.g.*, *Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017), *appeal pending*, No. 17-3589 (2d Cir.). Federal district courts do not supervise the state courts.

[4] Plaintiff has attached to his complaint documents showing that on April 20, 2017, members of the Orange County Sheriff's Office were present at Plaintiff's home when it was searched pursuant to a warrant. (ECF. No. 1, at 8-36.) The Court notes that Plaintiff has another action pending in this Court against, among other defendants, the County of Orange, asserting claims arising from that search. *See Ward v. City of Middletown*, No. 17-CV-5248 (NSR)

5

**C.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over the state-law claims that Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against County Court Judge Craig Brown as frivolous and for seeking monetary relief from a defendant who is immune to that relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court dismisses Plaintiff's § 1983 claims against the County of Orange without prejudice.

---

(S.D.N.Y.) ("*Ward I*"). The Court therefore dismisses Plaintiff's § 1983 claims against the County of Orange in this action without prejudice to his claims against it in *Ward I*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2018
         New York, New York

                                                  COLLEEN McMAHON
                                            Chief United States District Judge